UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Larry D. Burns, #233287,** )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Medical Staff at Manning Correctional Institution, )<br>)<br>Defendant. )<br>_____ ) | C/A No.   8:07-3549-GRA-BHH<br><br>Report and Recommendation |

The plaintiff, Larry D. Burns (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Manning Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915.  The Complaint names as Defendant the medical staff of the institution.[2] Plaintiff claims deliberate indifference to serious medical needs.  Plaintiff seeks monetary damages, and medical attention.  The Complaint should be dismissed for failure to state a claim upon which relief may be granted.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v.*

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

*Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious."  § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact."  *Denton v. Hernandez*, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*.  Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the court can ignore a

clear failure in the pleading to allege facts which set forth a claim currently cognizable in a

federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387,  (4th Cir. 1990).

Background and Discussion

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of

substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere

conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S.

137, 144 n. 3 (1979).  A legal action under § 1983 allows "a party who has been deprived of

a federal right under the color of state law to seek relief."  *City of Monterey v. Del Monte*

*Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).  To state a claim under § 1983, a plaintiff

must allege two essential elements: (1) that a right secured by the Constitution or laws of the

United States was violated, and (2) that the alleged violation was committed by a person

acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

It is well settled that only "persons" may act under color of state law; therefore, a

defendant in a § 1983 action must qualify as a "person ." For example, several courts have

held that inanimate objects such as buildings, facilities, and grounds do not act under color

of state law. *See Allison v. California Adult Auth*., 419 F.2d 822, 823 (9th Cir.1969) (California

Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. §

1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D.Va.1999) ("[T]he Piedmont Regional Jail

is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); *Brooks v.*

*Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D.N.C.1989) ("Claims under § 1983 are

directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the

term "staff" or the equivalent as a name for alleged defendants, without the naming of specific

staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *Lybrand v. Lexington County Detention Center,* No. 07-3007, slip op. at 1 (D.S.C. Oct. 3, 2007)(internal citations omitted).

The only Defendant named in this case is "Medical Staff" at a correctional facility. Plaintiff does not name any particular "person" as a Defendant. Since the only named Defendant is not a person for purposes of § 1983, the Complaint filed in this case is frivolous and subject to summary dismissal without the issuance of process. *Preval* at 310.

In order to establish cruel and unusual punishment with respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Plaintiff focuses on an incident on June 19, 2006 which concerned a problem with his medication administration, and requests monetary damages for the pain and suffering resulting from that incident. Complaint at 3, 5.

Deliberate indifference to a prisoner's serious medical needs is actionable under § 1983 if the plaintiff can prove that his inadequate medical care was more than merely negligent. *See Farmer v. Brennan*, 511 U.S. 825, 835, (1994). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). A "serious" medical need either is a "condition of urgency, one that may produce death, degeneration, or extreme pain," *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir.1994) (citation omitted), or arises if "the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.' " *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir.1998) (internal citation omitted).

4

A claim of deliberate indifference to his medical needs, if indeed this is what Plaintiff attempts to allege, is unsupported by the facts. Plaintiff portrays the medical staff as being distracted, but does not allege a state of mind that could be interpreted as deliberate indifference. Plaintiff does not allege the problem with his medication administration was "serious," as he does not suggest he suffered from a condition of urgency, evidenced by the fact that he waited over a year to seek redress for the suffering he experienced. "[A]n inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain,'" *Estelle* at 105, and thus does not state a claim for deliberate indifference. Therefore, this Complaint should be dismissed for failure to state a claim upon which relief may be granted.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

November 20, 2007
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).