UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Larry D. Burns, # 233287, | ) | C/A No.:8:07-cv-03549-GRA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Medical Staff at Manning Correctional Institution, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

This matter comes before the Court for a review of the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., filed November 20, 2007. Larry Burns (Plaintiff), a prisoner at Manning Correctional Institution, originally filed this complaint October 30, 2007. His complaint alleges that the defendant medical staff acted with deliberate indifference in failing to properly treat a known mental disorder, in violation of 42 U.S.C. § 1983. For the reasons stated below, this Court adopts the magistrate's Report and Recommendation and dismisses the plaintiff's claim without prejudice.

### Standard of Review

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final

determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Plaintiff filed objections on December 3, 2007.

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Therefore, this Court is will liberally construe any pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

## Discussion

The magistrate gave two alternative grounds for recommending dismissal of the plaintiff's complaint for failure to state a claim; the plaintiff only objects to the second ground. Plaintiff objects that he did state a claim for deliberate indifference by noting: "Medical Official's he[re] at Manning C.I. knew of the Condition of the plaintiff and

took upon themsel[ve]s to Prescribe Medication Indifferent to the medication Plaintiff was taking." *Pl's Objs.* at 2.  This at best describes an example of medical negligence, conduct that is not actionable under § 1983. *Estelle v. Gamble*, 429 U.S. 97 (1976). Further, the plaintiff does not make a showing that his "mental condition" was a serious medical need. *Hathaway v. Couglin*, 37 F.3d 63 (2d. Cir. 1994).  Therefore, the plaintiff's objection is without merit.

It should also be noted that even if the plaintiff successfully alleged a claim for deliberate indifference, his complaint must be dismissed for failure to sue a "person" as the common law interpreting § 1983 defines that term.  The "Medical Staff at Manning Correctional Institution" is not a "person" for § 1983 purposes. *Lybrand v. Lexington Cty. Det. Ctr.*, No. 6:07-cv-3007, 2007 WL 2903994 *1 (D.S.C. Oct. 3, 2007); *Martin v. UConn Health Care*, No. 3:99-CV-2158-DJS, 2000 WL 303262, *1 (D. Conn. Feb 09, 2000); *Ferguson v. Morgan*, No. 90 Civ. 6318, 1991 WL 115759 (S.D.N.Y. Jun 20, 1991).  Therefore, even if the plaintiff stated a claim for deliberate indifference,  this Court must dismiss his complaint for failure to sue a "person."

## Conclusion

After a thorough review of the magistrate's Report and Recommendation, this Court finds that the magistrate applied sound legal principles to the facts of this case. This Court, therefore, adopts the magistrate's Report and Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT the plaintiff's complaint be dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

December 5, 2007
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal**.